GRANT and others, appellants, *v.* THE BANK OF THE U. S. and others, respondents, 1 C. C. E. 112.

THE question arose in this case, whether, after the passage of the general registry act of mortgages, a senior mortgagee might *tack* a junior mortgage to his prior one as against an intermediate incumbrancer by mortgage.

Chancellor Lansing held, that the doctrine of thus *tacking* incumbrances was a well established one in England, and was equally entitled to be considered so in our Court of Chancery; and that the provisions of the registry act did not interfere with, or impair the right. On appeal,

The Court of Errors, Spencer, J., delivering the opinion of the court, held, that the registry act having made the registry of mortgages constructive notice to subsequent purchasers and incumbrancers, the doctrine of tacking junior incumbrances to a senior one, to the prejudice of an intermediate mortgagee, was thereby abrogated. But Mr. Justice Spencer expressly admits that but for the registry act, the doctrine would have been in force and to be adhered to, as fully established in England by a long and uninterrupted series of decisions.

———

☞ See as to *notice* of mortgages registered and unregistered, *Frost* v. *Beekman,* 1 J. C. R. 288. On appeal, 18 J. R. 544, (post, p. ——.) *Dey* v. *Dunham,* 2 J. C. R. 182. On appeal, 15 J. R. 555, (post, p. ——.) *Brinckerhoff* v. *Lansing,* 4 J. C. R. 65; *James* v. *Johnson,* 6 J. C. R. 417; *St. Andrew's Church* v. *Tompkins,* 7 J. C. R. 14; *Richardson* v. *Rust,* 9 Paige, 243; *Brinckerhoff* v. *Marvin,* 5 J. C. R. 320; *Lemon* v. *Staats,* 1 Cow. 592.

See also as to notice to junior mortgagee of prior incumbrance, and his right to be subrogated in place of senior mortgagee; *Banter* v. *Garmo,* 1 Sandf. Ch. R. 384; 1 id. 43; *Craig* v. *Tappin,* 2 Sandf. Ch. R. 78.

See as to notice of mortgage to *secure future advances ;* *Conrad* v. *Atlantic Ins. Co.,* 1 Peter's R. 386; 7 Craig, 34,